UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>Plaintiff,<br><br>v.<br><br>S. SHEPHERD, et al.,<br><br>Defendants. | No. 2:24-cv-2262 DC CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On September 13, 2024, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff complains about the loss of property because of actions of correctional staff. A loss of property caused by state employees generally does not amount to a violation of federal law if the state provides procedures to obtain a remedy. Hudson v. Palmer, 468

/////

1

1 | U.S. 517, 533 (1984).  The California Legislature has provided a remedy for tort claims, such as
2 | loss of property, against public officials in the California Government Code, §§ 900, et seq.

3 |       Plaintiff also complains about staff not investigating his loss of property.  Failing to
4 | investigate does not provide a basis for relief under 42 U.S.C. § 1983.

5 |       Further, plaintiff complains about the manner in which a prisoner grievance was
6 | addressed.  Prisoners do not have "a separate constitutional entitlement to a specific prison
7 | grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v.
8 | Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Accordingly, the prison grievance procedure does
9 | not confer any substantive constitutional rights upon inmates and actions in reviewing and
10 | denying inmate appeals generally do not serve as a basis for liability under section 1983.  Id.

11 |       For these reasons, plaintiff's amended complaint fails to state a claim upon which
12 | plaintiff can proceed.  The court has already permitted plaintiff to cure the defects in his pleadings
13 | and plaintiff has not been able to do so.  Granting a second attempt appears futile.

14 |       In accordance with the above, IT IS HEREBY RECOMMENDED that:

15 |       1. Plaintiff's amended complaint be dismissed; and

16 |       2. This case be closed.

17 |       These findings and recommendations are submitted to the United States District Judge
18 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
19 | after being served with these findings and recommendations, plaintiff may file written objections
20 | with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
21 | and Recommendations."  Plaintiff is advised that failure to file objections within the specified
22 | time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
23 | Cir. 1991).

24 | Dated:  February 24, 2025

                                                     /s/ Carolyn K. Delaney
                                                     CAROLYN K. DELANEY
                                                     UNITED STATES MAGISTRATE JUDGE

27 | 1/gall2262.frs